United States District Court
Eastern District of Michigan

United States of America,

       Plaintiff,

v.

Larry O'Neill Walker, II,

       Defendant.

                              /

Hon. Matthew F. Leitman

Case No. 13-20827

## Government's Response in Opposition to Defendant's Motion for Early Termination of Supervised Release

In 2014, a jury convicted Larry Walker of assaulting a federal officer with his car. (ECF No. 23, PageID.59). The Court sentenced Walker to 78 months in prison followed by three years of supervised release. (ECF No. 32, PageID.89-90). While detained for this offense, Walker attempted to continue his heroin trafficking enterprise—a crime to which he later pleaded guilty. (14-20257-02; ECF No. 51, PageID.167-188). Walker, who was sentenced to concurrent time for these offenses, was released in July of 2019, and has 50 percent of his supervision remaining. He has filed a motion for early termination of supervised release in both cases, citing his employment history and compliance with terms of supervision. (ECF No. 85, PageID.1081-1086; 14-20257-

1

02, ECF No. 66, PageID.275-280). For the reasons set forth below, the government objects to Walker's motion.

## Background

On November 6, 2013, the FBI's Violent Crime Task Force (VCTF) investigated a shooting and multiple victim homicide that occurred in a barbershop in Detroit. Officers responded to Rochester Hills, Michigan, looking for Walker. During their search, they began following two cars, one driven by Walker's mother and another by Walker's friend.

Officer Scott Herzog, part of the VCTF surveillance team that evening, parked his undercover car in a public parking lot anticipating instructions from his fellow officers. As he waited, a minivan driven by Walker, entered the parking lot and sped toward Officer Herzog's car. Officer Herzog placed his car in reverse, evaded the van, and fled the parking lot. Walker gave chase, attempting to collide with the officer's car. As Officer Herzog accelerated, in an attempt to distance himself from Walker's van, Walker sped up and continued attempting to strike Officer Herzog's car. The two drove at accelerated speeds for two miles, with Walker disregarding traffic signals and maintaining dangerously close proximity to the police car. As the two vehicles sped toward

2

downtown Rochester, Officer Herzog activated the police lights on his undercover car. Walker again tried to strike the police car before attempting to turn around and drive away. Within moments, other officers arrived, boxed in the van, and arrested Walker who was wearing body armor.

While this case was pending, Walker was detained at the St. Clair County jail. Within one week of his arrest, Walker began communicating with his girlfriend and later co-defendant, Rineca Meeks, in order to continue his heroin trafficking enterprise from prison. A series of recorded conversations led to the interdiction of a package containing $3,300, paid in exchange for drugs sold by Walker and Meeks. These recorded conversations resulted in the arrest and search of Meeks who was found with a gun, heroin, and other evidence of illegal drug sales. In April of 2014, just five months after Walker assaulted an FBI agent with his car, a grand jury indicted Walker for conspiring with Meeks to distribute heroin, and for using a cell phone in furtherance of a drug trafficking crime (14-20257; ECF No. 11, PageID.20-21).

## Argument

In his brief, Walker does not set forth an adequate basis for alteration of this Court's sentence. The applicable statute, 18 U.S.C. § 3583(e), provides district courts with authority to grant early termination of supervised release if, at the discretion of the Court, such relief is appropriate and in the interests of justice. That section provides:

> [t]he court may, after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) – (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e).

While the conduct Walker cites in support of his motion for early release is perhaps promising, it is also what is required under the terms of his supervision. Walker's apparent ability to seek and maintain employment while under supervision also demonstrates that supervised

release has not hindered his potential to reenter society as a productive member since leaving prison. But proof of employment and compliance with the conditions of supervised release are not reason enough for the Court to alter its sentence. (ECF No. 85, PageID.1086). If simple compliance were sufficient for early termination, every defendant who avoided revocation would be eligible for early termination.

While Walker may in fact be "on the road to being a productive[,] responsible citizen" (ECF No. 85, PageID.1081), his offense conduct and his criminal history suggest that both he and the general public would be served by his continued supervision by this Court. Walker's criminal history predates his most recent crimes of violence and drug trafficking. He sustained his first conviction at the age of 16. Then, in 2000 and 2003, he was convicted of felony weapons offenses. Four years later, he sustained two convictions for drug offenses. In sum, since his teen years, Walker's criminal history has been both consistent and violent.

It bears noting that the term of supervised release is an important component of a defendant's sentence. In *Gall v. United States*, 552 U.S. 38, 48 (2007), the Supreme Court explained at length that a term of supervised release is no trifling matter; it is a form of punishment that

5

involves restrictions on liberty. For this reason, habitual post-sentencing alteration of a term of supervised release would defeat the goals of transparency and truth in sentencing that animated the Sentencing Reform Act of 1984, which implemented determinate federal sentencing while also creating the provisions for supervised release. This is because the original sentence already reflects the district court's evaluation of "the need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law" under § 3553(a). Such a result would also offend the expectations of victims of crime, who heard the sentence imposed only to learn later that the offender does not have to serve the full term.

The nature and circumstances of Walker's underlying offense—assaulting, and nearly killing a federal law enforcement officer—are indeed serious. Moreover, his lengthy criminal history, which he boldly tried to continue from prison, suggests that Walker's early release from supervision would not adequately punish him, nor would it deter others from similar conduct in the future. 18 U.S.C. § 3553(a)(2). Early termination of supervised release is an extraordinary remedy, and Walker does not present any circumstances justifying it.

6

## Conclusion

For these reasons, the motion for early termination of supervised release should be denied.

                                        Respectfully submitted,

                                        Saima S. Mohsin
                                        Acting United States Attorney

                                        /s/ Eaton P. Brown
                                        Eaton P. Brown
                                        Assistant United States Attorney
                                        United States Attorneys' Office
                                        Eastern District of Michigan
                                        211 West Fort Street, Suite 2001
                                        Detroit, MI 48226
                                        Phone: (313) 226-9184
                                        Email: eaton.brown@usdoj.gov

Dated: March 4, 2021

## Certificate of Service

I certify that on March 4, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

        Steven Scharg

        /s/ Eaton P. Brown
        Eaton P. Brown
        Assistant United States Attorney
        United States Attorneys' Office
        Eastern District of Michigan
        211 West Fort Street, Suite 2001
        Detroit, MI 48226
        Phone: (313) 226-9184
        Email: eaton.brown@usdoj.gov